UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE MURRAY AND CHERYL MURRAY, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-649 |
| | § | |
| ALLSTATE TEXAS LLOYD'S AND DARREN WAYNE MORGAN, | § § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiffs' motion to remand. Dkt. 8. After considering the parties' arguments and the applicable law, the motion is GRANTED for the reasons set forth below. This case is, therefore, REMANDED to the 11th Judicial District Court of Harris County, Texas.

**BACKGROUND**

Plaintiffs Clarence and Cheryl Murray owned a home located at 2508 Prospect St, Houston, TX 77004 (the "Property") which they insured with defendant Allstate Texas Lloyd's ("Allstate"). Dkt. 8, Ex. B. On September 13, 2008, Hurricane Ike hit Harris County, damaging the property; the Murrays thereafter filed a claim with Allstate. *Id.* Allstate assigned defendant Darren Wayne Morgan to adjust the claim. *Id.*

The Murrays brought suit against Allstate and Morgan on December 30, 2009 in the 11th Judicial District Court of Harris County, Texas. Dkt. 1. The Murrays alleged multiple causes of action against the defendants, including breach of contract, breach of good faith and fair dealing, common law fraud, and violations of Texas Insurance Code Chapters 541 and 542. Dkt. 1, Ex. B at 14–19. Despite the fact that Morgan is a resident of Texas, Allstate removed the case to federal court, arguing that the Murrays improperly joined Morgan. Dkt. 1. The Murrays dispute Allstate's

improper joinder allegation and now move the court to remand the case to state court. Dkt. 8. The parties do not dispute that if Morgan were not a party to the case, diversity jurisdiction would be proper.

## ANALYSIS

Defendant Allstate alleges that Morgan was joined improperly, and therefore his citizenship should be ignored for diversity purposes. Dkt. 1. In contrast, The Murrays argue that Morgan is a valid defendant with causes of action against him that are recognized by Texas courts. Dkt. 8.

*1.    The Law*

To establish subject-matter jurisdiction predicated on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing parties, defendants bear the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S. Ct. 278 (1914); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

Defendants can establish improper joinder in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at

646–47). Because the parties do not dispute the accuracy of the jurisdictional facts, the latter is the proper inquiry. The court should not focus on the *probability* that the plaintiffs will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable *possibility* of recovery against the non-diverse defendant. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed [improper], *unless* that showing compels dismissal of *all defendants*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis in original). In the present case, the appropriate inquiry is whether the Murrays have alleged sufficient facts to support any of the claims against Morgan. If the Murrays have failed to state a valid claim against Morgan, then the court must apply the "common defense" rule to determine whether the insufficiency likewise disposes of all defendants. If so, remand is proper. *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 574.

The Fifth Circuit, in *Smallwood v. Illinois Central Railroad Co.*, endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper. *Smallwood*, 385 F.3d at 573. Under the Rule 12(b)(6)-type inquiry, "a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jamarillo v. City of McAllen, Texas*, 306 Fed. Appx. 140, 143 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.*

The *Smallwood* court further acknowledged that in some cases discrete facts will be missing from the plaintiffs' pleading, thus making a summary inquiry useful. *Id.* In these cases, the court,

at its discretion, may pierce the pleadings and conduct a summary judgment-type inquiry. *Id.*; *Hornbuckle*, 385 F.3d at 542 (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980)). Thus, the inquiry no longer centers on the plaintiffs' state court petition, but rather on the record as a whole and summary judgment evidence offered by the parties. *Id.* "All disputed issues of fact and any ambiguities of state law must be resolved in the [plaintiffs'] favor." *Smith v. Petsmart, Inc.*, No. 06-60497, 2008 WL 2062257, at *2 (S.D. Tex. May 15, 2008) (citing *Travis*, 326 F.3d at 649).

   2.   *The Murrays' Claims Against Morgan*

Allstate contends that Morgan was improperly joined in this case because the state court petition fails to allege sufficient facts against Morgan. Dkt. 12. First, Allstate argues the complaint merely recites statutory language in support of the claims against Morgan. *Id.* at 9. And second, Allstate claims the Murrays offer no additional evidence to support the allegations made in the complaint against Morgan. *Id.* at 5. The Murrays, however, counter that the complaint is sufficient to show a valid cause of action against Morgan. Dkt. 8 at 6. Specifically, the Murrays argue that in their petition they alleged Morgan committed common law fraud, engaged in a conspiracy to commit fraud, and violated Texas Insurance Code Chapter 541. Dkt 1., Ex. B at 4–6.

Because the Murrays' original state court petition lacks sufficient factual allegations to support their claims,[1] merely reciting sections of the Texas Insurance Code, the court will conduct a summary judgment-type inquiry in this case. In their reply to Allstate's response, the Murrays allege that Morgan spent only twenty minutes inspecting the entire home. Dkt. 13. The Murrays

---

[1] The court acknowledges that the Texas Rules of Civil Procedure require only "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a).

4

have also supplied, in the notice of removal, the Allstate insurance estimate—dated January 8th 2009—filled out by Morgan for the property.

For the limited purpose of determining whether the Murrays properly joined Morgan in this suit, the court finds that the record as a whole supports the Murrays' argument. The Murrays submitted evidence that Morgan inspected their property and issued a damage estimate. Dkt. 8, Ex. B. Additionally, according to the reply, Morgan took only twenty minutes to inspect the property—which is alleged to be a violation of the Texas Insurance Code. Dkt. 13. Therefore, the court concludes that the Murrays have included particularized facts and particularized allegations against Morgan sufficient to establish a reasonable possibility of recovery, and Allstate has not met its heavy burden of proving improper joinder. *Travis*, 326 F.3d at 649.

## CONCLUSION

The court finds that Morgan is properly joined as a defendant and, therefore, plaintiffs' motion to remand is GRANTED. This case is, therefore, REMANDED to the 11th Judicial District Court of Harris County, Texas.

It is so ORDERED.

Signed at Houston, Texas on June 16, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY